**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | DEFENDANT'S |
| | ) | SENTENCING MEMORANDUM |
| vs. | ) | |
| | ) | |
| VICTOR OMORUYI, | ) | Case No.: 1:17-cr-00120 |
|     Defendant. | ) | |

## INTRODUCTION

**COMES NOW THE DEFENDANT,** Mr. Victor Omoruyi, by and through his attorney, Mr. David D. Dusek, and does hereby submit the Defense's variance request.

## FACTS

On April 14, 2017, Mr. Omoruyi, who is a Canadian citizen, entered the United States from Canada at the Portal, North Dakota Port of Entry. He entered the United States driving a 2012 white Ford Explorer bearing Saskatchewan license plates, which was registered to his wife. During the border inspection, Mr. Omoruyi told U.S. Customs and Border Protection that he planned to travel to Minot, North Dakota, to meet friends and do some shopping, intending to return to Canada the next day.

At this point, Mr. Omoruyi was admitted to the United States and proceeded to travel to Minot, North Dakota, where he arrived at the Comfort Inn Hotel. Mr. Omoruyi picked up a group of individuals. This group included a family of four in which the father was like a brother to Mr. Omoruyi. Feeling sympathetic to their situation, Mr. Omoruyi drove the family and the others to a location .25 miles west of the Northgate, North Dakota Port of Entry. The group of individuals exited Mr. Omoruyi's vehicle and walked north across the border into Canada where they were apprehended by Canadian law enforcement.

1

At the time Mr. Omoruyi dropped off the individuals near the border, he picked up two aliens that had illegally entered the United States by walking across the U.S./Canadian border. Mr. Omoruyi then attempted to transport these aliens from the border area southbound with the intention of bringing them to Minot, North Dakota, so they could travel onward to other locations in the United States.

Mr. Omoruyi had been surveilled by United States Customs and Border Patrol since his entry into the United States earlier that day. After the officers received confirmation the individuals Mr. Omoruyi dropped off had crossed the border into Canada, they conducted a traffic stop in order to make contact with Mr. Omoruyi's vehicle. All three individuals in the vehicle were detained and transported to the Portal, North Dakota Border Patrol Station. At that time, Mr. Omoruyi admitted he knew both of the other individuals in his vehicle had entered the United States illegally. Since that time, Mr. Omoruyi has accepted responsibility for his actions, shown remorse, and through his character, has demonstrated his respect for the law. As a result, Mr. Omoruyi respectfully requests this Court to sentence Mr. Omoruyi under the guideline range in the amount of time he has served as the matter has been pending.

## LAW & ARGUMENT

The Court should consider the Federal Sentencing Guidelines on an advisory basis. The United States Supreme Court has determined that the mandatory application of the United States Sentencing Guidelines violated the Sixth Amendment to the United States Constitution; and rather, the Court should consider the guidelines on an advisory basis. United States v. Booker, 125 S. Ct. 738, 775-57 (2005). As a result, sentencing courts should calculate and consider the applicable guideline range as one factor, of many, in determining the appropriate sentence. Id.

The Supreme Court has also examined the process the District Court should use during sentencing. United States v. Rita, 127 S. Ct. 2456 (2007). The Court noted:

> The sentencing judge, as a matter of process, will normally begin by considering the presentence report and its interpretation of the Guidelines. He may hear arguments by prosecution or defense that the Guidelines sentence should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "heartland" to which the Commission intends individual Guidelines to apply, . . . perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless. Thus, the sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure. In determining the merits of these arguments, the sentencing court does not enjoy the benefit of a legal resumption that the Guidelines sentence should apply.

Id. (internal citations omitted).

This Court should determine any warranted departure from the guidelines in order to establish a sentence that is "sufficient, but not greater than necessary, to comply with the purpose [of sentencing]." Id. The District Court does not need to apply a presumption of reasonableness to the listed guideline amount, but instead "must . . . consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Id. at 272-73 (Justice Stevens concurring) (quoting Koon v. United States, 518 U.S. 81, 113 (1996).  Further, the District Court has "limited authority to impose a sentence below a statutory minimum," upon motion of the government, "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). The Court has the ability to consider the individual circumstances of the defendant and their cooperation during the investigation in order to depart from the recommended minimum sentence.

In the plea agreement, the Government has maintained that they will recommend a sentence at the lower end of the applicable guideline range. Both parties have agreed that the guideline provisions indicate a final offense level of 12 and the prosecution has agreed to recommend a 2-

level downward adjustment for acceptance of responsibility. With a criminal history category of 0, the applicable guideline range becomes 6-12 months. The defense requests this Court sentence Mr. Omoruyi under the guideline range in the amount of time he has served as the matter has been pending.

By sentencing Mr. Omoruyi to the amount of time he has served, the Court will impose a sentence that is sufficient, but not greater than necessary, to comply with the purpose set forth in 18 U.S.C. § 3553(a). In determining a proper sentence, the Court must consider the nature and circumstances of the offense and the history and characteristics of the Defendant. The sentence should reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes. Id.

In doing so, the District Court may determine the weight given to the guidelines in any given case. The Court has explained that, "The district court may determine on a case-by-case basis the relative weight to give the Guidelines in light of other 3553(a) factors. In some cases it may be appropriate to defer to the Guidelines; in others not." United States v. Lazano, 490 F.3d 1317, 1324 (11th Cir. 2007). Specific characteristics of individual defendants, which district courts were once prohibited or discouraged from considering, may now be considered. Rita, at 2473. Matters such as age and education, mental and emotional condition, physical condition and alcohol dependence, family and community ties, and the defendant's acceptance of responsibility and remorse for his actions, are matters that § 3553(a) authorize a sentencing judge to consider. Id. These factors should be deliberated in the following manner when considering an appropriate sentence for Mr. Omoruyi.

Mr. Omoruyi has shown serious remorse and has taken responsibility for his actions. He has demonstrated this by being extremely forthcoming and honest during the investigation. He repeatedly expressed remorse for how his actions have affected others and understands the severity of his crime. Mr. Omoruyi believed he was helping his friend, which he considered to be like a brother, but now realizes the negative impact his actions have had on the others involved in the situation. Mr. Omoruyi understands the need for punishment, as he knows he violated the law and betrayed the trust of many friends and family. Mr. Omoruyi is not trying to blame anyone but himself and wishes to take full responsibility for his actions.

The sentence imposed by this Court must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a). As Mr. Omoruyi does not have a criminal history, he undoubtedly respects the law. He has been a loving husband and father for many years. Mr. Omoruyi acknowledges the seriousness of this offense and is unwavering in his belief that he deserves to be punished for his actions.

Since the applicable guideline range is in Zone B of the Sentencing Table, the minimum term may be satisfied by (1) a sentence of imprisonment; (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in USSG § 5Cd1.1(e), provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in USSG § 5C1.1(e). USSG § 5C1.1(c). However, based upon the sentencing factors enumerated in 18 U.S.C. § 3553(a), it is appropriate for the Court to exercise its discretion and impose a sentence lower than the guideline range and give Mr. Omoruyi credit for time served and release him to be removed to Canada.

To reiterate, Mr. Omoruyi has not made excuses for his conduct nor tried to shift the blame to anyone but himself. He has shown, and will continue to show extreme remorse and guilt for his conduct. He has been very cooperative during the entire investigation and has much to offer after his release. Mr. Omoruyi asserts to this Court that the offense in this matter is completely out of character for him and does not define him as a person. As an isolated incident in an otherwise unblemished life should result in a sentence of credit for time served.

## CONCLUSION

For the foregoing reasons, the Defendant, Mr. Victor Omoruyi, respectfully requests the Court sentence him for the amount of time he has served. Mr. Omoruyi urges the Court to consider his acceptance of responsibility, respect for the law and lack of criminal history when determining his sentence.

Dated this 31st day of July, 2017.

/s/ David D. Dusek
By:  David D. Dusek
ND License No.:  05070
FOR:  DUSEK LAW, P.C.
Post Office Box 14145
Grand Forks, ND 58208-4145
Telephone: (701) 746-4107
Facsimile: (218) 793-0013
Email: david@duseklaw.com
Service Address: duseklaw@duseklaw.com
**ATTORNEY FOR THE DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing **Defendant's Sentencing Memorandum** was filed on the 31st day of July, 2017. I filed electronically filed with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing to the following:

ATTORNEY FOR THE UNITED STATES

Ms. Megan A. Healy
Assistant United States Attorney
655 1st Avenue North, Suite 250
Fargo, ND 58102
701-297-7400
megan.healy@usdoj.gov


                                               /s/ David D. Dusek
                                             David D. Dusek